```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/04/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOEMAN MUSIC GROUP MEDIA AND PHOTOGRAPHY LLC, on behalf of itself and others similarly situated,

                           Plaintiff,

-against-

DISTROKID, LLC et al.,

                           Defendants.

23-CV-04776 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      Before the Court is a fully briefed motion to dismiss as to Defendants DistroKid, LLC and Kid Distro Holdings, LLC. Although the moving defendants raise a number of jurisdictional issues in their motions, they do not raise a significant issue with respect to diversity jurisdiction: complete diversity of citizenship. Nonetheless, it falls upon the Court to raise issues of subject matter jurisdiction *sua sponte*. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009).

      "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996). Where a complaint premised on diversity of citizenship[1] names a limited liability company as a party, the complaint must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. *See Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019); *Handelsman v. Bedford Village Assocs. Ltd. Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000).

      Here, Plaintiff's complaint (the "Complaint") alleges that Plaintiff Doeman Music Group Media and Photography LLC ("Doeman" or "Plaintiff") is a limited liability company that is "incorporated in West Virginia with a principal place of business in West Virginia." *See* Dkt. No. 4 at ¶¶ 5, 7(c). Neither the Complaint nor other parts of the record identify the members of

---

[1] In its memorandum of law in opposition to DistroKid, LLC and Kid Distro Holdings, LLC's motion to dismiss, Plaintiff stated that it "is not asserting diversity jurisdiction but rather requesting jurisdictional discovery and antecedent rulings." Dkt. No. 35 at 10. However, in the very same paragraph, Plaintiff's request for jurisdictional discovery to determine whether the amount in controversy satisfies the requirement for diversity jurisdiction indicates that Plaintiff is <u>not</u> abandoning its claim that this Court has diversity jurisdiction. *See id.*; Dkt. No. 4 at ¶ 7(c). This Court is reserving judgment as to the issues related to the amount in controversy until after resolution of the issue of diversity of citizenship.

Doeman or allege the citizenship of the members of Doeman.  Furthermore, the Complaint alleges that Defendant DistroKid, LLC is a "Delaware limited-liability company with a principal place of business in the Southern District of New York." Dkt. No. 4 at ¶ 6.  The Complaint also alleges that Defendant Kid Distro Holdings, LLC d/b/a Distrokid "is, on information and belief, a Delaware limited-liability company with a principal place of business in the Southern District of New York." *Id.*  Elsewhere in the Complaint, seemingly referring to both Defendants DistroKid, LLC and Kid Distro Holdings, LLC, Plaintiff alleges that "DistroKid is incorporated in Delaware with, on information and belief, a principal place of business in New York." Dkt. No. 4 at ¶ 7(c).  Neither the Complaint nor other parts of the record identify the members or allege the citizenship of the members of DistroKid, LLC or Kid Distro Holdings, LLC.

      Within fourteen (14) days of this Order, Plaintiff may, if necessary, serve a single interrogatory each upon Defendants DistroKid, LLC and Kid Distro Holdings, LLC as to their members, the citizenship of all natural persons who are their members, and, if any corporation is a member, the jurisdiction under whose laws the corporation is incorporated and its principal place of business.  Defendants DistroKid, LLC and Kid Distro Holdings, LLC shall serve their responses to the interrogatories within fourteen (14) days of service of the interrogatories.  Within 45 days of this Order, Plaintiff may file an amended complaint that (i) identifies the members of Doeman and Defendants DistroKid, LLC and Kid Distro Holdings, LLC; and (ii) expressly alleges the citizenship of all natural persons who are members of Doeman and Defendants DistroKid, LLC and Kid Distro Holdings, LLC, and, if any corporation is a member, the jurisdiction under whose laws the corporation is incorporated and the principal place of business.  Plaintiff must follow the Court's Individual Rules with respect to the filing of amended pleadings.  If Plaintiff fails amend its complaint accordingly within this time period, Plaintiff will be deemed to have abandoned its claim of subject matter jurisdiction based on diversity.

      The Court will inform the parties as to the status of the pending motions to dismiss following the conclusion of the 45-day period, which ends on **April 18, 2024**.

Dated: March 4, 2024
      New York, New York

                                   SO ORDERED.

                                   MARGARET M. GARNETT
                                   United States District Judge