> Letter-motion GRANTED. No additional requests for extension will be granted. If Plaintiff does not file a motion for default judgment against Ms. George by **March 26, 2024**, the Court will dismiss Ms. George from this action for failure to prosecute without further notice to any party. The Clerk of Court is directed to terminate Dkt. No. 44.
>
> SO ORDERED. Date 3/25/2024
>
> MARGARET M. GARNETT
> U.S. DISTRICT JUDGE

DIGITAL JUSTICE
FOUNDATION

15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381

March 22. 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/25/2024

The Honorable Margaret M. Garnett
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

[via ECF only]

Re: Notice of Entry of Default & Request for Extension of Time in *Doeman Music Group Media & Photography LLC v. DistroKid LLC*, No. 1:~~22-cv-2205~~-MMG (S.D.N.Y.) 23cv04776

Dear Judge Garnett:

    I represent Plaintiff Doeman Music Group Media and Photography LLC ("Doeman") in the above-captioned case. I appreciate the Court's follow-up order regarding the default of Defendant Raquella "Rocky Snyda" George. Dkt. 40. I had overlooked the prior order, Dkt. 38, because my email system appeared to treat the Court's two successive miscellaneous orders issues, Dkt. 38 and Dkt. 39, as one email "conversation"—such that it appeared to me as though the original order was re-populated, something that happens with some frequency in my experience with CM/ECF. For example, this will sometimes occur when a court accepts a brief for filing or a clerk's office edits docket text. The first I learned of this Court's order regarding the default judgment was upon the Court's issuance of its follow-up order. Dkt. 40.

    In the period since the issuance of the follow-up order, I had to finalize a complicated and difficult appellate brief and then to begin research the process for seeking a default judgment because I have never had to seek a default judgment in any prior case. Moreover, I have other time-sensitive demands upon my time today. Accordingly, pursuant to Federal Rule of Civil Procedure 6(b)(1), I respectfully request an extension of time for Doeman to file the motion for default judgment until Tuesday, March 26, 2024—a short extension.

    Today, and pursuant to the Court's orders, Dkt. 39-40, Doeman has now begun the two-step process of seeking a default judgment. *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-505 (2d Cir. 2023) ("Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. The first step is to obtain an entry of default. […] The next step requires the plaintiff to seek a judgment by default under Rule 55(b)."). Specifically, I researched the process for, and Doeman has sought, the Clerk's entry of default and the issuance of a certificate of default, Dkt. 41-42, which the Clerk has now issued, Dkt. 43. Doeman is prosecuting and intends to prosecute this case as against Ms. George, as it has been against DistroKid.

1

Separately, I have emailed the Court's order, the proposed certificate of default, the request for certificate of default, and the signed certificate of default to Ms. George's email address. Dkt. 39, 41-43. I have also directed that the same be served upon Ms. George at her last-known address. *See* Fed. R. Civ. P. 5(2)(C). Notably, however, no service is required upon Ms. George because she is in default because she has failed to appear. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."). Rather, this service is done out of good faith and respect for the Court's instructions.

I apologize for my oversight of the Court's order. I appreciate the Court's follow-up order. I respectfully request until Tuesday, March 26, 2024, to move for default judgment on my client's behalf. And, I declare under penalty of perjury that the foregoing factual statements are true and correct. Executed on March 22, 2024:

    */s/ Andrew Grimm*
    Andrew Grimm
    Attorney
    DIGITAL JUSTICE FOUNDATION
    (531) 210-2381
    Andrew@DigitalJusticeFoundation.org

    *Attorney for Plaintiff*

CC: Counsel for DistroKid (via ECF), Ms. George (via email).