UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOEMAN MUSIC GROUP MEDIA AND
PHOTOGRAPHY LLC, on behalf of itself and others
similarly situated,

                              Plaintiff,

-against-

DISTROKID, LLC, KID DISTRO HOLDINGS,
LLC d/b/a DISTROKID, and RAQUELLA "ROCKY
SNYDA" GEORGE,

                              Defendants.

23-CV-04776 (MMG)

**ORDER GRANTING**
**DEFAULT JUDGMENT**

MARGARET M. GARNETT, United States District Judge:

      Before the Court is a motion for default judgment by Plaintiff Doeman Music Group Media and Photography LLC ("Plaintiff") against one of the defendants in this action, Raquella "Rocky Snyda" George ("Ms. George"). Dkt. No. 46. Plaintiff brought claims against Ms. George under the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512, for making a knowing and material misrepresentation in a takedown request. *See* Dkt. No. 4. For the reasons stated herein, the Court GRANTS default judgment for the Plaintiff against Ms. George.

## BACKGROUND[1]

      "The DMCA governs the means by which copyright holders can notify online service providers that their sites are hosting or providing access to allegedly infringing material." *Nat'l Acad. of Television Arts and Sciences, Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 432 (S.D.N.Y. 2021). "§ 512(f) of the DMCA prohibits 'any person' from 'knowingly materially misrepresent[ing] … that material or activity is infringing.'" *Id.* (citing 17 U.S.C. § 512(f)(1)).

      A copyright holder may send a good-faith "takedown" notice to a provider regarding allegedly infringing material. *See* 17 U.S.C. § 512(c). The DMCA also allows for "counter notifications," through which "creators of allegedly infringing work can effectively appeal a service provider's decision to remove or otherwise disable access to their work." *Bus. Casual Holdings, LLC v. TV-Novosti*, No. 21-cv-02007 (JGK) (RWL), 2023 WL 1809707, at *7 (S.D.N.Y. Feb. 8, 2023), *report and recommendation adopted*, 2023 WL 4267590 (June 28, 2023), (citing *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34, 43 (S.D.N.Y. Aug. 23, 2017)).

---

[1] The facts are drawn from the Complaint and are assumed true for purposes of this order.

Plaintiff here brought allegations against Ms. George for what Plaintiff describes as an "abuse of the [DMCA] notice-and-takedown procedures." Dkt. No. 4 (hereinafter, "Compl." or the "Complaint") ¶ 1.

Plaintiff is an independent label that works with defendant DistroKid, LLC,[2] a music distributor, to supply its music to public platforms. *See id.* ¶ 2. DistroKid, LLC, contracts directly with the platforms that provide music to the public, and the independent labels and artists that use DistroKid, LLC do not have access to these terms or negotiations or to the communications between DistroKid, LLC and the platforms, including regarding the music uploaded on behalf of independent labels and artists. *Id.* ¶¶ 53–56, 63.

In July 2020, Plaintiff uploaded a song by a recording artist and songwriter who signed with Plaintiff, Damien Wilson ("Mr. Wilson"), to DistroKid, LLC for distribution to various music platforms. *Id.* ¶¶ 71–73. In developing the song, Mr. Wilson had asked Ms. George to provide a short clip of her voice for use in the song, and Ms. George agreed; Plaintiff paid Ms. George for her work and agreed to include her name in the song credits. *Id.* ¶¶ 82–83. Mr. Wilson provided detailed instructions on the content of Ms. George's recorded contribution, "directed and coached" the performance, and retained "ultimate control over its sounds [and] final version." *Id.* ¶ 84. Ultimately, Ms. George's contribution comprised a three-second vocal clip, which Mr. Wilson included within his song titled "Scary Movie," to which Mr. Wilson and Plaintiff Doeman retained all rights as the creator of the work. *Id.* ¶¶ 85-86, 142.

According to Plaintiff, following the release of the song, Mr. Wilson and Ms. George "had a personal falling out," and Ms. George "decided to retaliate" by contacting Mr. Wilson on Instagram and demanding that her name be removed from the song." *Id.* ¶¶ 87–88. Ms. George wrote to Mr. Wilson, in part, "I need my name removed within 24 hours. If I don't get a screen shot confirmation from you that I've been removed via email I will be forced to proceed with the take down." *Id.* ¶ 88.

Mr. Wilson "refused to alter his work to accommodate her request" and "asserted [to Ms. George] that [she] could not submit a takedown because he was the rightful copyright owner." *Id.* ¶¶ 95–96.

Ms. George subsequently submitted a takedown request, "falsely represent[ing] that she was the copyright holder" of the song. *Id.* ¶ 98. Plaintiff alleges that Ms. George submitted such a request to Spotify, and on information and belief submitted takedown requests to other platforms, as well. *Id.* ¶ 98–99.

Plaintiff further alleges that DistroKid, LLC received a takedown notice from stores and services pertaining to the song and notified Plaintiff of the takedown, but did not provide the necessary information for Plaintiff to submit a counter-notice and potentially restore their material to streaming services and other digital outlets. *Id.* ¶¶ 100–117.

---

[2] DistroKid is a defendant in this action as well, but has not defaulted and is proceeding to defend the claims against it.

As against Ms. George, Plaintiff brought allegations for making knowing and material misrepresentations in notice-and-takedown requests in violation of Section 512. *Id.* ¶¶ 140–144.

## PROCEDURAL HISTORY

This case was originally assigned to the Hon. Valerie E. Caproni. Plaintiff commenced this action on June 7, 2023, by filing the Complaint. Dkt. No. 1. The Clerk of Court alerted Plaintiff that the pleading was deficient, and Plaintiff re-filed a Complaint on June 13, 2023. Dkt. No. 4. The Clerk of Court issued electronic summonses as to Defendants DistroKid, LLC, Kid Distro Holdings, LLC, and Ms. George on June 14, 2023. Dkt. No. 9. On August 3, 2023, Defendants DistroKid, LLC and Kid Distro Holdings, LLC executed a waiver of service, and Plaintiff filed the waiver on August 7, 2023. Dkt. No. 14.

On September 5, 2023, Plaintiff filed a letter-motion seeking a 30-day extension of time to serve Ms. George from September 5 to October 5, 2023. Dkt. No. 15. Plaintiff represented in the letter that its counsel had attempted to email Ms. George a Waiver of Service of Summons on June 28, but found an error with the email address; Plaintiff represented that its counsel subsequently emailed Ms. George a Waiver using the correct email address on September 2, 2023. *Id.* (As Plaintiff explained in a later filing, Plaintiff used Ms. George's professional email address that Ms. George listed on her social media account, which she uses in connection with her musical career. Dkt. No. 22 at 1; Dkt. No. 22-2 ¶¶ 12–14 (declaration stating that Ms. George has used the email address listed on her Instagram page as her professional email in connection with her rap career).) Plaintiff also sent Ms. George a follow-up email reminder regarding waiver, but Ms. George did not waive service or otherwise respond. Dkt. No. 15. Judge Caproni granted Plaintiff an extension to serve Ms. George until September 22, 2023. Dkt. No. 16.

On September 22, 2023, Plaintiff filed a second letter-motion seeking a 31-day extension of time to serve Ms. George until October 23, 2023. Dkt. No. 20. Plaintiff attached an affidavit by its service processor, Cliff Schneiderman ("Mr. Schneiderman"), detailing his attempts to serve Ms. George. *Id.* Judge Caproni granted an extension of the time to serve Ms. George until October 6, 2023, but noted in her order that Plaintiff had not contracted the process server until September 8, 2023, three months after the Complaint was filed. Dkt. No. 21.

On October 4, 2023, Plaintiff filed a third letter-motion seeking a 21-day extension of time to serve Ms. George until October 27, 2023. Dkt. No. 22. Plaintiff attached an affidavit by Mr. Schneiderman, and affidavit by its principal, Mr. Wilson, and exhibits containing screenshots from Ms. George's Instagram page; the letter detailed the attempts to serve Ms. George and noted the difficulties in doing so because Ms. George "does not keep a consistent physical address." Dkt. No. 22. Plaintiff noted that Ms. George had posted on her social media page indicating that she would perform as an opening act at a show in Brooklyn, New York on October 21, 2023. *Id.* at 2. Judge Caproni extended the deadline to allow in-person service on Ms. George by October 21, 2023, and to file proof of service by October 25, 2023. Dkt. No. 23.

On October 25, 2023, Plaintiff filed Mr. Schneiderman's affidavit of service of the Summons and Complaint upon Ms. George on October 21, 2023. Dkt. No. 24.

3

On November 16, 2023, Defendants DistroKid, LLC and Kid Distro Holdings, LLC filed a motion to dismiss on behalf of themselves. Dkt. No. 27. Ms. George has failed to appear, answer, or otherwise respond to the Complaint.

This case was reassigned to the undersigned on February 14, 2024. On March 4, 2024, more than four months after Ms. George was served, this Court ordered Plaintiff to file any motion for default judgment against Ms. George by March 18, 2024. Dkt. No. 39. The Court further ordered Plaintiff to serve the Order on Ms. George electronically, by first-class mail, and/or by in-person service within two business days of the date of the Order, and to file proof of such service within three business days of the Order. *Id.*

On March 20, 2024, after the deadlines set forth in the Court's March 4 Order had passed, the Court issued an Order directing that if the Court did not receive Plaintiff's motion for default judgment against Ms. George by March 22, 2024, it would dismiss Ms. George from the action for failure to prosecute the case. Dkt. No. 40. On March 22, 2024, Plaintiff obtained a Clerk's Certificate of Default, Dkt. No. 43, and filed a letter-motion seeking an extension of time until March 26, 2024, to file the default judgment motion. Dkt. No. 44. In that March 22 letter-motion, Plaintiff also represented that Plaintiff's counsel had emailed the Court's order, proposed certificate of default, the request for a certificate of default, and the signed certificate of default to Ms. George's email address, and that he had directed that those documents also be served by mail to Ms. George's last-known physical address. *Id.* The Court extended the deadline to file a motion for default judgment until March 26, 2024. Dkt. No. 45.

Plaintiff filed a motion for default judgment (the "Motion") as to Ms. George on March 26, 2024, seeking damages in the amount of $60,400, "subject to further increases for prevailing-party attorney fees and costs under Rule 54(b)." Dkt. No. 46. As part of the Motion, Plaintiff's counsel filed a certificate of service indicating that he had effectuated service of the "foregoing" (referring to the Motion and accompanying declarations), as well as of the Court's Order and the proposed certificate of default, by arranging to have copies of those submissions sent by mail to Ms. George's last-known mailing address, as well as by emailing those submissions to Ms. George's last-known email address, consistent with the Court's prior orders. *Id.* at 21.

## LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, there are two steps involved in entering judgment against a party who has failed to defend: entry of default and the entry of default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). As noted above, Plaintiff has obtained an entry of default against Ms. George. Dkt. No. 43.

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id*. Rule 54(c) states, "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). By failing to answer the Complaint, Ms. George has

4

conceded Plaintiff's well-pleaded factual allegations establishing liability. Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013).

However, because Ms. George does not admit conclusions of law, this Court "must determine whether those allegations establish a sound legal basis for liability." *Zhen Ming Chen v. Y Cafe Ave B Inc.*, No. 18-cv-04193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019). A plaintiff still bears the burden of demonstrating that the unchallenged allegations establish the defendant's liability, and the Court draws all reasonable inferences in the plaintiff's favor. *See Graham v. HSBC Mortgage Corp.*, No. 18-cv-04196, 2022 WL 1266209, at *4 (S.D.N.Y. Apr. 28, 2022).

Therefore, the Court turns to the elements of the claim alleged against Ms. George in the Complaint.

## DISCUSSION

Section 512(f) of the DMCA provides, in relevant part:

> Any person who knowingly materially misrepresents under this section[] that material or activity is infringing . . . shall be liable for any damages, including costs and attorney's fees, incurred by the alleged infringer [or] by any copyright owner or copyright owner's authorized licensee . . . who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing[.]

To establish a claim against Ms. George, Plaintiff must prove (1) that Ms. George knowingly misrepresented to music platform(s) that the song's availability on the platform infringed Ms. George's purported copyright to the song; (2) that relying on Ms. George's willful misrepresentation, the platform(s) removed or disabled access to the song; and (3) that as a result of this, Plaintiff incurred damages. *See White v. UMG Recordings, Inc.*, No. 20-cv-09971 (AT), 2022 WL 17744001, at *3 (S.D.N.Y. Aug. 16, 2022). The Court looks to the well-pleaded allegations in the Complaint, *see Mickalis Pawn Shop, LLC*, 645 F.3d at 137, as well as "uncontroverted documentary evidence" submitted by Plaintiff with its default judgment motion. *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (where plaintiff had submitted affidavits and documents with the default judgment motion, relying on such evidence in affirming grant of default judgment); *see Cabrera v. 1560 Chirp Corp.*, No. 15-cv-08194, 2017 WL 1289349, at *11 (S.D.N.Y. Mar. 6, 2017), *report and recommendation adopted*, 2017 WL 1314123 (S.D.N.Y. Apr. 6, 2017); *Leo v. Province Therapeutics, LLC*, No. 23-cv-05418 (NJC) (JMW), 2024 WL 456824, at *3 n.1 (E.D.N.Y. Feb. 6, 2024).

Here, Plaintiff has adequately alleged that Ms. George made a knowing misrepresentation in her takedown request(s). Plaintiff alleged that prior to making a takedown notification, Ms. George had communicated to Mr. Wilson that if he did not remove her name as a featured artist on the relevant song, she would "issue a take down." Compl. ¶ 88. Plaintiff further alleged that Mr. Wilson had "asserted [to Ms. George] that [she] could not submit a takedown because he was the rightful copyright owner, [and] Ms. George responded by blocking [him]." *Id.* ¶ 96.

Plaintiff further alleged that "Ms. George falsely represented [in the takedown request] that she was the copyright holder of the song." *Id.* ¶ 98. Plaintiff alleged that "Ms. George's [takedown request] *knowingly* misrepresented that [Plaintiff's song] was infringing," and that "Ms. George was and is well aware that [Plaintiff] and Mr. Wilson had the rights in [the song]—and she did not care but rather acted out of personal animus and spite." *Id.* ¶ 143 (emphasis in original). As such, Plaintiff has adequately alleged that Ms. George made a knowing misrepresentation in the takedown notification. *See White*, 2022 WL 17744001, at *3 (one allegation in the complaint supported the defendant's actual knowledge).

Additionally, Plaintiff also stated in the Complaint that streaming services and stores subsequently reported to DistroKid, LLC that they had received takedown notifications pertaining to the song, and DistroKid, LLC informed Plaintiff of the takedowns, noting that Plaintiff could contact the claimant at a particular email address known to be used by Ms. George. Compl. ¶ 100–12. Plaintiff also provided a declaration by Mr. Wilson with its motion for default judgment in which Mr. Wilson stated: "I lost [a] significant number of streams as a result of Ms. George's takedown requests, not only on the platforms where Ms. George specifically send [*sic*] the takedowns, but across the entire panoply of locations where I streamed my music." Dkt. No. 46 at 17. As such, the Complaint and the documentary evidence provide for a reasonable inference that certain streaming platforms and stores removed or disabled access to Plaintiff's song in reliance on Ms. George's takedown request(s). The Complaint in combination with Mr. Wilson's declaration—which describes the lost streams, lost performances, and other damages incurred as a result of the song being removed from streaming platforms and stores—sufficiently establishes the elements of the claim and that some amount of damages were suffered. *See* Compl.; Dkt. No. 46 at 17–20.

As such, Plaintiff has established a claim under § 512(f) against Ms. George.

## CONCLUSION

In light of the above, and because proof of service upon Ms. George has been filed, Ms. George has willfully failed to answer the Complaint, the time for doing so has expired, and Ms. George has failed to appear to contest the entry of default judgment (nor appeared in any capacity at all), the Court enters default judgment for Plaintiff against Ms. George on the third claim of the Complaint, in an amount to be determined at an inquest, plus costs, interest, and attorneys' fees, also to be quantified at an inquest.

The Court will, by separate order, refer this case to Magistrate Judge Robyn Tarnofsky for an inquest into damages, fees, and costs. Plaintiff shall serve this Order upon Ms. George in person, by first-class mail, and/or by electronic means, and file an affidavit reflecting such service on the docket by April 24, 2024.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 46.

Dated: April 17, 2024
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge