UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOEMAN MUSIC GROUP MEDIA AND
PHOTOGRAPHY LLC, ON BEHALF OF ITSELF AND
OTHERS SIMILARLY SITUATED,

                          Plaintiff,

    -v-

DISTROKID, LLC, KID DISTRO HOLDINGS, LLC
D/B/A DISTROKID, AND RAQUELLA "ROCKY
SNYDA" GEORGE,

                       Defendants.

23 Civ. 04776 (MMG) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On April 17, 2024, Judge Margaret M. Garnett issued an Order entering a default

judgment as to liability in favor of Plaintiff Music Group Media and Photography LLC ("Plaintiff")

against Defendant Raquella "Rocky Snyda" George ("Defendant"). (ECF 49.) By Order of

Reference dated April 17, 2024 (ECF 50), Judge Garnett referred this case to me to conduct an

inquest to determine appropriate damages.

On April 23, 2024, I issued a Scheduling Order for Damages Inquest (ECF 55) requiring, in

part, that Plaintiff provide evidence sufficient to permit the Court to "ascertain the amount of

damages with reasonable certainty," *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151,

155 (2d Cir. 1999). The Scheduling Order provided that if Plaintiff sought actual (as opposed to

statutory or nominal) damages, the Proposed Findings of Fact had to be be supported by one or

more declarations or affidavits, which could attach and authenticate any documentary evidence

needed to establish the proposed damages. All evidence submitted in support of Plaintiff's request for damages or other relief was required to be in admissible form.

On May 17, 2024, Plaintiff filed its proposed findings, with supporting declarations. (*See* ECF 60, Proposed Findings of Fact and Conclusions of Law ("Proposed Findings"); ECF 60-1, Declaration of Andrew Grimm ("Grimm Decl."); ECF 60-2, Declaration of Damien Wilson ("Wilson Decl."). Defendant made no submissions opposing Plaintiff's claimed damages.

I have reviewed Plaintiff's submissions and determined that they do not contain all the information necessary to support Plaintiff's claimed damages.

### Deficiencies in Plaintiff's Submissions

Lost Streams. Plaintiff seeks $10,000.00 in damages for streaming revenue that was lost during the take-down period ("Take-Down Period"), that is, the period that the music was unavailable on streaming platforms because of Defendant's take-down notice (the "Take-Down Notice"). Plaintiff's Proposed Findings and the supporting declarations state that Plaintiff's song received "over 60,000 monthly views" on YouTube and 74,800 monthly views after Plaintiff re-posted its song. (ECF 60, Proposed Findings ¶ 7.) Plaintiff does not specify which streaming platforms took down his music. (*See id.*) In support of the monthly views after the song was re-posted, Plaintiff provides a screen shot of a chart that indicates the number of times that its music was streamed. (*See* ECF 60-2, Wilson Decl. ¶ 1.) Plaintiff does not identify where it obtained the chart, how it obtained the chart, or what the chart is tracking. (*See id.* (appending "a screenshot of a document showing that when [Plaintiff] was finally able to get [its] music back up onto [its] platforms, [its] views went up significantly.").) Plaintiff estimates that, if it were to have received a comparable number of streams during the Take-Down Period, those

streams would have netted Plaintiff $1,000.00. (*See id.*) Plaintiff asks this Court to consider that the Take-Down Notice had the effect of removing the song as well as Plaintiff's "full album / project," which contained additional songs that could not be streamed during the Take-Down Period. Plaintiff additionally avers that "the streaming trajectory" would have been affected by "live performances and the Sirius XM radio airplay." (*Id.*)

Lost Performances.  Plaintiff seeks $15,000.00 in damages for lost revenue from live performances. (*See id.* ¶ 2.) Plaintiff supports this "conservative estimate" by reasoning that had the music that was taken down been available for streaming, Damien Wilson, who performs Plaintiff's music, "would have been trying to perform it" during the Take-Down Period and that Wilson and Plaintiff would have gained "more notoriety," which in turn would have generated additional revenue. (*See id.*) It is not clear whether Plaintiff's lost performances calculation is derived from streaming that did not occur because concert attendees did not hear Wilson perform the music at concerts, or if the calculation is derived from bookings from concerts that Wilson did not perform because, had the music been available to stream, Wilson would have had more opportunities to perform and to be paid for his performances. Plaintiff does not state that, prior to the Take-Down Notice, Wilson performed the music that was taken down, or that he had revenue derived from any such performances. Nor does Plaintiff provide documentation to assist this Court in calculating damages for lost performances.

## Order To Supplement

Plaintiff has thus far failed to demonstrate the entire amount of its claimed damages with reasonable certainty. Since Plaintiff attached some documentation to its papers, and the flaw may be in a failure to explain that documentation, in the interest of justice, I will afford

Plaintiff another opportunity to explain its proposed damages calculations and to provide all underlying materials necessary for me to be able to understand and duplicate Plaintiff's calculations.

Accordingly, it is ORDERED that:

1.    No later than **March 5, 2025**, Plaintiff shall make a supplemental submission in further support of its claimed damages. This submission should contain explanations that are sufficient for me to determine, to a reasonable certainty, the extent of Plaintiff's damages. Where supporting documentation is unavailable or does not exist, or where Plaintiff has relied on reasoned estimates, Plaintiff should explain this in its supplemental submission. In its supplemental submission, Plaintiff is specifically directed to identify, by way of an affidavit from a person with knowledge of the underlying facts: each streaming platform that took down Plaintiff's song and the album that contained it due to the Take-Down Notice; the streams on each such platform prior to the Take-Down Period, for the song and for the album; the method by which streaming revenue is calculated on each such platform; and the calculations that Plaintiff is using for its damages calculations. Plaintiff is also specifically directed to provide documentation sufficient to identify any concerts at which Plaintiff's song was performed prior to the Take-Down Period; all performances that were lost during the Take-Down Period; and the method by which lost revenues from lost performances, if any, are calculated.

DATED:  February 24, 2025
        New York, New York

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

4