USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/3/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOEMAN MUSIC GROUP MEDIA AND
PHOTOGRAPHY LLC,

                        Plaintiffs,

              -against-

DISTROKID, LLC et al.,

                      Defendants.

---

23-CV-04776 (MMG)

**ORDER ADOPTING**
**REPORT &**
**RECOMMENDATION**

MARGARET M. GARNETT, United States District Judge:

On April 17, 2024, this Court granted default judgment for Plaintiff Doeman Music Group Media and Photography LLC ("Plaintiff") against one of the defendants in this action, Raquella "Rocky Snyda" George ("Ms. George"), and referred the case to Magistrate Judge Robyn F. Tarnofsky for an inquest into damages. *See* Dkt. Nos. 49, 50.[1] Judge Tarnofsky issued a Report and Recommendation on January 8, 2026, recommending that judgment be entered against Ms. George and that Plaintiff be awarded $19,062.63, consisting of $360.63 in damages, $14,600.00 in attorneys' fees, and $4,102.00 in costs. *See* Dkt. No. 78.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that

---

[1] The Court subsequently granted a motion to dismiss filed by two other defendants, DistroKid, LLC and Kid Distro Holdings, LLC (*see* Dkt. No. 63), leaving Ms. George as the sole defendant in the action.

there is no clear error on the face of the record. *See, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

In the present case, the Report and Recommendation advised the parties that they had fourteen (14) days from receipt of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Dkt. No. 78 at 22. Based on representations by Plaintiff's counsel that he had been unable to contact his client regarding the Report and Recommendation, the Court granted a 60-day extension of time to file objections. *See* Dkt. No. 82. On February 20, 2026, counsel for Plaintiff filed a letter stating that although Plaintiff disagrees with parts of the Report and Recommendation, it "has decided not to pursue objections thereto, and to instead request the entry of judgment." Dkt. No. 83.

As of the date of this Order, no objections have been filed and no further request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008). Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds it to be well-reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is respectfully directed to enter judgment against Ms. George in favor of Plaintiff, with Plaintiff to be awarded $19,062.63, consisting of the sum of (1) $360.63 in damages; and (2) $14,600.00 in attorneys' fees, plus $4,102.00 in costs, for a total of $18,702.00 in attorneys' fees and costs.

The Clerk of Court is respectfully directed to CLOSE this case.

Dated:  April 3, 2026
        New York, New York

                                        SO ORDERED.

                                        _____
                                        MARGARET M. GARNETT
                                        United States District Judge